## HOLMES *v.* PETERS.

### MALICIOUS PROSECUTION.

A declaration does not state a cause of action for malicious prosecution which avers that while the plaintiff was in jail awaiting a preliminary examination on a charge of forgery the defendant wrote a letter to the judge of the police court, expressing the opinion that the plaintiff was insane; that the judge, without issuing any process, but for his own information and the proper protection of the plaintiff, had the plaintiff removed to a municipal hospital for examination and observation; that the official alienist there pronounced him sane, whereupon he was returned to jail, and several days thereafter his case was dismissed and he was discharged. (Following *Auerbach* v. *Freeman*, 43 App. D. C. 176.)

No. 2995. Submitted February 8, 1917. Decided April 2, 1917.

HEARING on an appeal by the plaintiff from a judgment of the Supreme Court of the District of Columbia sustaining a demurrer to an amended declaration in an action for malicious

prosecution, and, the plaintiff electing not to amend further, dismissing the action.                    *Affirmed.*

The facts are stated in the opinion.

*Mr. W. H. Holmes,* the appellant, appeared *in propria persona.*

*Mr. Walter C. Clephane* and *Mr. Alan V. Clephane* for the appellee.

Mr. Justice VAN ORSDEL delivered the opinion of the Court:

Appellant, William H. Holmes, plaintiff below, sued defendant, John A. Peters, to recover damages for malicious prosecution. Judgment for defendant was entered upon demurrer to the declaration.

Plaintiff was imprisoned in the jail of the District of Columbia awaiting a preliminary examination on the charge of forgery. Defendant wrote a letter to the judge of the police court, expressing the opinion that plaintiff was insane. The judge, for his own information and for the proper protection of plaintiff, without issuing any process whatever, had plaintiff removed to the Washington Asylum for the Insane for examination and observation. After three days' confinement there, the official alienist in charge reported plaintiff sane, and he was returned to the jail to await his preliminary examination on the criminal charge. Several days thereafter his case was dismissed, and he was accordingly discharged.

Overlooking defective pleading apparent on the face of the declaration, the facts set forth are insufficient to support the cause of action plaintiff evidently sought to state. There is a charge that the statement made by the defendant is libelous, but none of the essential elements of the charge are set forth. Plaintiff, however, in his brief disclaims any attempt to set out a case of libel, but relies upon the sufficiency of the declaration to state a cause of action for malicious prosecution.

Plaintiff was not transferred to the asylum as the result of any legal process issued upon the letter of defendant; hence, the action of malicious prosecution will not lie.   This case is ruled by *Auerbach* v. *Freeman,* 43 App. D. C. 176.

The judgment is affirmed with costs.                 *Affirmed.*

An application for the allowance of a writ of error from the Supreme Court of the United States was denied May 17, 1917.